UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Calvin S. Wedington						Civil No. 12-710 (JRT/FLN)

          Petitioner,

      v.							**REPORT & RECOMMENDATION** & **ORDER**

United States of America,[1]

          Respondent.

_____

**THIS MATTER** came before the undersigned United States Magistrate Judge on Petitioner's "Motion for Release" (ECF No. 1). The matter has been referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons set forth below, the Court recommends that the motion be **DENIED**.

### I. BACKGROUND

Petitioner Calvin S. Wedington is currently confined at the Federal Medical Center in Rochester, MN. *See* ECF No. 1. Wedington is serving a federal life sentence with the possibility of parole following a 1982 conviction for second-degree murder. *See* ECF No. 2.

On February 21, 2012, Wedington filed this "Motion for Release" in the United States District Court for the District of Maryland, where he was originally sentenced.[2] *See* ECF No. 1. The

---

[1] The Court notes that B.R. Jett, the Warden of FMC-Rochester, is the proper respondent in this case–not the United States of America. *See* 28 U.S.C. §§ 2242 (application for writ of habeas corpus should include "the name of the person who has custody over [the applicant]"). The Court recommends that the United States of America be dismissed and that B.R. Jett be substituted in its place.

[2] Wedington has also filed a separate motion in a separate case, pursuant to 18 U.S.C. § 4247(d), challenging B.R. Jett's determination that Wedington continues to suffer from a mental disease or defect for which he is in need of treatment. *See* ECF No. 49 for Civ. No. 05-767.

District of Maryland construed Wedington's motion as a challenge to the execution of his sentence, cognizable in a 28 U.S.C. § 2241 petition, and transferred it to this Court.  *See* ECF No. 3; *see also Archuleta v. Hedrick,* 365 F.3d 644, 647 (8th Cir. 2004) (observing that a "federal inmate may attack the execution of his sentence through § 2241 in the district where he is incarcerated").

In this motion, Wedington seeks immediate release because he contends that the U.S. Parole Commission did not provide timely review as to his eligibility for parole.  *See* ECF No. 1.

## II.   ANALYSIS

A prisoner serving a life sentence (with the possibility of parole) is subject to mandatory parole after serving thirty years of his sentence unless the Commission, after conducting a hearing, "determines that there is a reasonable probability that the prisoner will commit any Federal, State, or local crime or that the prisoner has frequently or seriously violated the rules of the institution in which he is confined." 28 C.F.R. § 2.53(a).  Although the Commission is required to hold a hearing if it denies parole, the regulations do not set a deadline for the scheduling of that hearing.  *See id.* The regulations only provide that the Commission must–"when feasible"–review the prisoner's record at least sixty days prior to prisoner's parole-eligibility date.  28 C.F.R. § 2.53(b).

Wedington was sentenced on February 15, 1982.  *See* Krapels Aff. Ex. A, ECF No. 16.  He therefore became eligible for parole on February 15, 2012.  On February 16, 2012, the Commission sent Wedington a notice that it would hold a hearing pursuant to 28 C.F.R. § 2.53.  Because regulations do not contain a deadline for the scheduling of that hearing, the Court cannot say the Commission's notice was late.  *See* 28 C.F.R. § 2.53.

Even assuming the Commission was late in scheduling the hearing, the Court cannot grant Wedington the relief he seeks.  The most the Court can do is require the Commission to "give [him]

a fair hearing in accordance with its rules and regulations at the earliest possible date." *Jones v. U.S. Bureau of Prisons*, 903 F.2d 1178, 1181 (8th Cir. 1990).  The Commission has already scheduled Wedington's hearing for June 18, 2012.  *See* ECF No. 2; Krapels Aff. Ex. Q, ECF No. 16.  To the extent Wedington seeks to compel the Commission to hold a parole hearing, his motion is moot.

### III.   RECOMMENDATION

Based on the foregoing, and all the files, records, and proceedings herein, it is **HEREBY RECOMMENDED** that:

1. Wedington's "Motion for Release" (ECF No. 1) should be **DENIED**;

2. The case should be **DISMISSED WITH PREJUDICE**;

3. Judgment should be entered accordingly.

### IV.   ORDER

Based on the foregoing, and all the files, records, and proceedings herein, it is **HEREBY ORDERED** that Wedington's motions to appoint counsel (ECF Nos. 2, 7, & 14) be **DENIED as MOOT**.

DATED: May 18, 2012                              *s/ Franklin L. Noel*
                                                 FRANKLIN L. NOEL
                                                 United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **June 4, 2012**, written objections that specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within fourteen (14) days after service thereof.  All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.