UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| CALVIN S. WEDINGTON, | Civil No. 12-710 (JRT/FLN) |
| Petitioner, | |
| v. | **ORDER ON REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE** |
| UNITED STATES OF AMERICA,[1] | |
| Respondent. | |

Calvin S. Wedington, Reg. No. 18915-037, Federal Medical Center, 2110 East Center Street, P.O. Box 4000, Rochester, MN 55903, petitioner *pro se*.

Ann M. Bildtsen, Assistant United States Attorney, **OFFICE OF THE UNITED STATES ATTORNEY**, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, for respondent.

This matter is before the Court on the parties' objections to the Report and Recommendation ("R&R"). The Magistrate Judge recommended that this Court deny petitioner Calvin S. Wedington's motion for immediate release because Wedington's petition is moot. The Court has reviewed *de novo* the objections to the R&R pursuant to 28 U.S.C. § 636(b)(1)(C) and D. Minn. L.R. 72.2(b). The Court will adopt the recommendation of the R&R and modify with the changes indicated below the report section. The Court will therefore deny Wedington's motion for relief.

---

[1] The Court notes that B.R. Jett, the Warden of Federal Medical Center-Rochester, is the proper respondent in this case – not the United States of America. *See* 28 U.S.C. § 2242 ("Application for a writ of habeas corpus . . . shall allege . . . the name of the person who has custody over [the applicant] and by virtue of what claim or authority, if known."). The United States of America will, therefore, be dismissed, and B.R. Jett substituted in its place.

## BACKGROUND

Petitioner Calvin S. Wedington is currently incarcerated at the Federal Medical Center-Rochester. (Mot. for Release, Docket No. 1.) Wedington is serving a life sentence with the possibility of parole for the murder of his wife. (*Id.* at 2.)

Wedington was sentenced on September 15, 1982. (Aff. of Helen H. Krapels, Ex. A, Sentence Monitoring Computation Data at 1, Docket No. 16.) Because Wedington had served jail credit for time prior to his sentencing, he became eligible for parole on February 20, 2012.[2] (*Id.* at 2.) The United States Parole Commission had scheduled Wedington's parole hearing for June 18, 2012. (Krapels Aff., Ex. Q, Hr'g Docket Prisoner Scheduling.)

Wedington filed a "Motion for Release" on February 21, 2012 in the United States District Court for the District of Maryland, where he was originally sentenced. (*See* Motion for Release.) That court construed Wedington's motion as a 28 U.S.C. § 2241 petition and transferred it to this Court. (Order, Mar. 21, 2012, Docket No. 3.) Wedington seeks immediate release because he contends that the United States Parole Commission did not provide timely review of his eligibility for parole. In the R&R, the Magistrate Judge noted that even if the Commission was late in scheduling Wedington's eligibility hearing, the Court cannot grant Wedington the relief he seeks – the most the Court could do is require the Commission to give him "a fair hearing . . . at the earliest possible date." (R&R at 2-3 (quoting *Jones v. U.S. Bureau of Prisons*, 903 F.2d 1178,

---

[2] The R&R mistakenly stated that Wedington was sentenced on February 15, 1982 and became parole eligible on February 15, 2012. (R&R, Docket No. 20.)

1181 (8th Cir. 1990)).  Because the Commission had scheduled Wedington's hearing, the Magistrate Judge recommended Wedington's motion be dismissed as moot.

## ANALYSIS

Upon the filing of a R&R by a magistrate judge, a party may "serve and file specific written objections to the proposed findings and recommendations."  Fed. R. Civ. P. 72(b)(2); *accord* D. Minn. L.R. 72.2(b).  "The objections should specify the portions of the magistrate judge's report and recommendation to which objections are made and provide a basis for those objections."  *Mayer v. Walvatne*, No. 07–1958, 2008 WL 4527774, at *2 (D. Minn. Sept. 28, 2008).  Objections which are not specific are not entitled to *de novo* review.  *See, e.g.*, *Martinez v. Astrue*, No. 10–5863, 2011 WL 4974445, at *2-3 (E.D. Pa. Oct. 19, 2011) (citing cases from numerous other jurisdictions).  In the absence of specific objections, the R&R is reviewed for clear error. Fed. R. Civ. P. 72 advisory committee's note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."); *see also Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996).

The Court finds that Wedington's filing entitled "Objections to the U.S. Magistrate Response" makes no specific objections to the R&R.  Indeed, Wedington states "that Petitioner will not be responding to U.S. Magistrate[']s denial of

§§2241 . . . ."[3]  (Pet.'s Obj. to the R&R, Docket No. 21.)  The United States makes a specific objection to the R&R, requesting the change of two dates.  Those corrected dates are noted in the Background section, *supra*.  Upon reviewing the record, the Court finds that there is no other clear error of law or fact in the R&R, and it will adopt the recommendation of the Magistrate Judge.

### ORDER

Based on the foregoing, and all the files, records, and proceedings herein, the Court **OVERRULES** Petitioner's objection [Docket No. 21], **SUSTAINS** the Respondent's objection [Docket No. 22], **ADOPTS** the Recommendation, and **ADOPTS IN PART** and **MODIFIES IN PART** the Report of the Magistrate Judge's Report and Recommendation [Docket No. 20].  Accordingly, **IT IS HEREBY ORDERED** that:

1. Respondent the United States of America is **DISMISSED** and B.R. Jett, the Warden of Federal Medical Center-Rochester is **SUBSTITUTED** in its place.

2. Petitioner Calvin S. Wedington's "Motion for Release" [Docket No. 1] is **DENIED**.

3. This case is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: July 25, 2012  
at Minneapolis, Minnesota.

　　　　　　　　　　　　s/ John R. Tunheim  
　　　　　　　　　　　　JOHN R. TUNHEIM  
　　　　　　　　　　　　United States District Judge

---

[3] Wedington also makes other statements that are unclear and do not address the R&R: he states that he "will verse" Janet Reno and Eric Holder and notes that he requested the federal defender to assist him in obtaining copies of his payroll.